# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No.: 19-MJ-00259 |
| : | |
| **v.** : | |
| : | |
| **GLEN CURTIS JONES** : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF
## PRETRIAL DETENTION

The United States respectfully submits this memorandum in support of its October 22, 2019, oral motion for pretrial detention pursuant to 18 U.S.C. § 3142(e). Defendant Glen Curtis Jones was charged by complaint on October 16, 2019, with one count of making a threat to kill the President of the United States, in violation of 18 U.S.C. § 871, and one count of threats to injure the person of another, in violation of District of Columba Code § 22-1810. At the defendant's initial appearance before this Court, the government requested that the defendant be detained because there is a serious risk that he will flee. 18 U.S.C. § 3142(f)(2)(A). The Court subsequently scheduled a detention hearing on the government's request for Tuesday, October 22, 2019. For the reasons stated below, the government requests that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(f)(2)(A) and because he is charged with a crime of violence 18 U.S.C. § 3142(f)(1)(A).

### Factual Proffer of the Evidence Supporting the Detention

The government proffers the sworn statement of facts in support of a criminal complaint [ECF No. 1] ("sworn statement"), which it incorporates herein.

### A. Threat to the President of the United States

On or about October 13, 2019, at approximately 5:03 p.m., the United States Secret Service (Secret Service) received information from the Metropolitan Police Department (MPD) regarding a call to 911 received by the MPD Office of Unified Communications from the user of telephone number (911) 402-4730.[1] According to MPD, this caller stated that he would shoot open the gates of the White House and shoot the President. Secret Service subsequently obtained an audio recording of this call, and confirmed that the caller stated, "I'm about to go to the President's house and shoot up the President of the United States." In response to a request from the operator to identify the number from which he was calling, the caller stated, "Don't worry about it, just tell the President man shut it down. I'm about to shoot up this White House," and stated further that he was, at that time, walking by "the president's house."

In response to this information, the Secret Service closed Pennsylvania Avenue Northwest from approximately 15th Street to 17th Street, Lafayette Park from Pennsylvania Avenue to H Street Northwest, and closed the Ellipse. This closure was enforced from approximately 5:00 p.m. on October 13, 2019, to approximately 6:05 p.m. on October 13, 2019.

Following the call at 5:03 p.m. described above, MPD Office of Unified Communications subsequently contacted the Secret Service and reported that the same individual had called 911 again and provided his personal information as Glen Curtis Jones, date of birth April 24, 1983, and Social Security Number 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.

At approximately 8:00 p.m. on October 13, 2019, Secret Service agents responded to the men's homeless shelter at 1355 New York Avenue, Northeast, Washington D.C., in response to

---

[1] MPD Office of Unified Communications has advised that numbers preceded by (911) indicate a call was placed to 911 from a device that does not have an active service plan.

information provided by MPD that the Defendant was located at that address. Specifically, as explained in greater detail below, MPD identified the subscriber for a telephone number used to place a call threatening the men's homeless shelter at 1355 New York Avenue, Northeast, Washington D.C., as the Defendant and identified that shelter as the Defendant's residence. MPD contacted Secret Service and informed them that MPD was sending uniformed officers to the location. Secret Service stated that agents were then en route to the shelter at this address and would link up with MPD officers.

### B. Threat to the New York Avenue Men's Shelter

Separately, MPD officers responded to the Metro PCS store located at 1532 Benning Road Northeast, Washington, D.C., at approximately 4:06 p.m. on October 13, 2019, in response to a 911 call from phone number (843) 879-1431 stating the caller took the bus and was ready to shoot up the place if the caller's phone was not turned back on.

At approximately 4:58 p.m., a caller using telephone number (843) 879-1431 contacted 911 and stated that the location of the emergency was 1355 New York Avenue, and stated, "hurry up, hurry, I'm about to shoot up the place." An emergency disclosure request for subscriber information submitted to T-Mobile, the carrier associated with the phone number (843) 879-1431, by the MPD Command Information Center revealed the phone number was registered to Glen Jones with an address in Summerville, South Carolina. However, the location data provided for the phone put the phone in Washington, D.C. A query of the MPD COBALT system revealed that the defendant had reported that he was the victim of a Simple Assault in September 2019 and provided a home address of 1355 New York Avenue NE. Based on that information and the call for a shooting about to happen at the same address, MPD sent a uniformed officer to check for the defendant at the location.

MPD officers spoke with a supervisor at the shelter, and informed this supervisor of the alleged threats made by the defendant. The supervisor confirmed that the defendant was staying at that location, and shelter security officers brought him to the lobby. An MPD query of law enforcement databases revealed that the defendant was the subject of three pending failure to appear warrants issued by the District of Columbia Superior Court. The defendant was placed under arrest and transported to the MPD Fifth District headquarters for processing.

While at Fifth District headquarters, the defendant was advised of his rights at approximately 9:09 p.m. and subsequently agreed to speak with Secret Service agents. Secret Service agents asked the defendant if he called 911 and made threatening statements about shooting people at the White House and at the homeless shelter. The defendant admitted to making both of these telephone threats. During the interview at Fifth District headquarters, the defendant stated that he made these statements because he wanted to go to jail, and stated further that he wanted to go to jail because unspecified individuals had cut off his cell phone service, changed his email password, and cut off access to his ATM card. The defendant stated that he has never been to the White House, and stated further that he is not a violent person and did not make the statements in anger.

**Additional Factual Proffer For the Court's Consideration**

In further support of the Government's argument that the defendant poses a threat to the community and should therefore be detained pending trial, the Government proffers at approximately 4:05 p.m. on October 13, 2019, an individual used telephone number (843) 879-1431 (for whom the subscriber was identified as the defendant) to contact 911 and stated that the police department needed to get to Benning Road, and if they did not he would go to the spot where he got on the bus and would take a gun and he was going to shoot everyone at the 1355

New York Avenue shelter and that was not a threat. At 4:06 p.m. on October 13, 2019, an individual also used telephone number (843) 879-1431 to contact 911 and stated he was on his way to the Metro PCS store on Benning Road, and stated that he came on a bus with a gun and would shoot up the whole building and the shelter if his phone service was not turned on.

**ARGUMENT**

The Court should find that, for the reasons specified below, no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.

The Bail Reform Act lists four factors that guide a court's pre-trial detention decision: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g). At a detention hearing, the government may present evidence by way of a proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996). A judicial determination that a defendant should be detained pending trial on the ground of community safety must be supported by clear and convincing evidence. *Smith*, 79 F.3d at 1209. When the government seeks to detain a defendant on the ground that he is a risk of flight pursuant to 18 U.S.C. § 3142 (f)(2)(A), the government must demonstrate the defendant's flight risk by a preponderance of the evidence. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996).

With regard to the risk of flight posed by the defendant, the defendant has already demonstrated his failure to appear as ordered when released prior to trial, as shown by the bench warrants issued by the District of Columbia Superior Court in multiple matters outstanding at the time he was arrested on October 13, 2019. Furthermore, the threats with which the defendant is

charged include specific threats against individuals residing at the homeless shelter where he was living at the time he was arrested. Defendant's choice to threaten this location suggests that he will be unable to reside at that shelter if released prior to trial, therefore providing no fixed address at which he may be located prior to trial in this matter.

With regard to the safety of the community, the government submits that no condition or combination of conditions would reasonably ensure the safety of the community were the defendant to be released prior to trial. The nature and circumstances of the offenses charged in this case support detention. Here, the defendant is charged with two crimes which, under 18 U.S.C. § 16(a), constitute a "crime of violence," as both charges have as an element of the crime, "the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 16(a); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (identifying the necessary element). In addition to the nature of the crimes at issue here, the threat posed by the defendant to the community is demonstrated by the specificity of his threats and targets. Over a period of hours, the defendant placed calls threatening to shoot and kill the President of the United States, individuals located at a private business against which the defendant expressed anger for discontinuing his telephone service, and the residents of the homeless shelter where he was then living.

The government submits that the weight of the evidence against the defendant also weighs in favor of ordering his continued detention prior to trial. The defendant admitted during questioning by Secret Service agents to making telephonic threats against both the President and the homeless shelter. While the defendant made self-serving claims not have intended those threats, the government submits that the defendant's own stated purpose – eliciting a law

enforcement response – demonstrates that he intended for these threats to be taken seriously by the MPD operators who were called during the afternoon of October 13, 2019.

## CONCLUSION

No condition or combination of conditions will reasonably assure the appearance of defendant at trial or the safety of any other person or the community as demonstrated by the nature of the charges, the weight of the proffered evidence against the defendant, and the risk of flight posed by the defendant. For the foregoing reasons, as well as those that will be set forth at a hearing on this matter, the government requests that the Court order the pre-trial detention of the defendant.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By:     /s/
JORGE GONZALEZ
Special Assistant United States Attorney
D.C. Bar No. 499260
555 4th St., N.W.
Washington DC 20530
(202) 252-7805
Jorge.Gonzalez3@usdoj.gov